# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>RICHARD LEE SATERSTAD,<br><br>        Defendant. | Case No.: 2:15-cr-00125-APG-GWF<br><br>**ORDER**<br><br>**Motion for Reasonable Time<br>To Prepare a Defense (#41)** |

This matter is before the Court on Defendant's Motion for Reasonable Time to Prepare a Defense, Allow Access to Adequate Legal Materials, Allow a Defense Budget, and Adequate Medical Care (#41), filed on October 16, 2015. The Government filed its Response (#49) on November 2, 2015, and Defendant filed his Reply (#53) on November 12, 2015.

## BACKGROUND

The indictment in this case charges Defendant Saterstad with one count of receipt or distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). The indictment also seeks the forfeiture of various computers, hard drives and other electronic devices. *Indictment (#1)*. At the time of Defendant's initial appearance and arraignment on May 5, 2015, the Federal Public Defender was appointed to represent him. The court ordered that Defendant be detained pending trial as a risk of danger to community. *Order of Detention (#8)*.[1] On August 10, 2015, the court granted Defendant's motion to represent himself and appointed the Federal Public Defender as standby counsel. On October 16, 2015, the court granted Defendant's request for new standby counsel and on October 19, 2015, appointed Russell Marsh, Esq. as standby counsel. During the October 19th

---

[1] On October 16, 2015, Defendant filed a motion to reopen his detention hearing which was denied by the court on November 3, 2015.

hearing, the court discussed with Defendant and Mr. Marsh the assistance that standby counsel can provide to Defendant to facilitate his access to legal materials in preparing his defense. Trial in this case is presently set for April 4, 2016. The deadline for filing pretrial motions is January 28, 2016. *Order to Continue (#31).*

Defendant states that he is housed in Unit F4 of the federal detention facility which currently allows detainees up to 2 hours per day of law library time. Defendant therefore has a maximum of 14 hours per week to perform legal research and type legal documents. He states that several of the available hours for law library time fall during count times or meals, and that detainees argue and debate over getting law library time. Defendant also states that two detainees have court orders which allow them 5 hours per day of library time. Defendant further states that there is only one computer for research, and one computer for typing and printing documents. These computers are shared among 50 to 60 detainees. *Defendant's Motion (#41), pg. 2.*

Defendant requests that the Court order the detention facility to provide him with additional law library time to prepare his defense. He also requests that the computer for legal research be re-programmed to allow typing and printing. Defendant states that the law library only provides computer legal research through Lexis. He requests access to legal materials such as actual law books on the "Constitution, American Jurisprudence, West Law, Federal Rules of Criminal Procedures, Federal Rules of Evidence, Case Law files and other Legal Resources" which should be available to be checked out from the law library. *Motion (#41), pg. 5.*

Defendant also complains that detention facility staff read through his legal materials and mail to decide what is necessary to prepare for trial and which therefore hinders his trial preparation. He further states that the law librarian "has refused, and denied printing certain Motions, Affidavits or other Legal Materials" and "reads all legal documents prior to printing, against company policy, and is acting as an Attorney." *Id., pg. 5.* Defendant states that it takes up to two weeks to receive materials printed from the computer, and photocopies take one week to obtain. As a consequence, Defendant has been forced to write his motions and letters to the court by hand. *Id., pg. 3.*

In addition to his request for adequate law library time and legal research materials, Defendant requests that the court order the detention facility to print all documents in a timely

manner and that detention facility staff not read detainees' legal material once it is established that materials are in fact legal in nature. Defendant also requests that the Court extend the deadline for the filing of pretrial motions so that he may have meaningful time to properly prepare such motions. *Id., pg. 3*.

Defendant also alleges that he is being deprived of necessary medical care for severe back pain which he has been experiencing for several months. Defendant relates that he suffered an injury to his back, hip and right leg as a child. He states that the detention facility has denied him any pain relief medication. He requests that the Court order the detention facility to provide appropriate medical care for his pain condition.

In its response to Defendant's motion, the Government notes that the Court informed Defendant on October 16, 2015 that he is not required to type out his motions and the Court will accept handwritten motions. The Government also referenced that Defendant's newly appointed standby counsel has been provided with a copy of discovery in this case, has indicated he would provide Defendant with help in conducting legal research and assist him with information and access to legal materials. *Response (#49)*. There is no indication that the Government communicated with the United States Marshal or the detention facility regarding Defendant's allegations regarding limited access to law library time, use of computers for legal research and drafting and printing documents, or Defendant's allegations that the detention facility staff read his legal mail and decided what documents may or not be printed.

## DISCUSSION

**1. Defendant's right to have adequate legal materials and the ability to conduct legal research to prepare his defense.**

In *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985), the court, quoting *Faretta v. California*, 422 U.S. 806, 818, 95 S.Ct. 2525, 2532 (1975), stated that "'[t]he rights to notice, confrontation and, compulsory process' mean, at minimum, that time to prepare and some access to materials and witnesses are fundamental to a meaningful right of representation. . . . An incarcerated defendant may not meaningfully exercise his right to represent himself without access to law books, witnesses or other tools to prepare a defense." The court stated, however, that this right is not

unlimited. Security considerations and avoidance of abuse by defendants may require special adjustments. *Id.*, citing *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978). The court also noted its decision in *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982), in which it refused to reverse defendant's conviction because he had been denied access to a law library to prepare his defense. *Wilson* held that because defendant had appointed counsel who was able to do research if he had requested it, and because he received legal assistance in presenting his case at trial, he was not entitled to "'insist on an avenue of [defendant]s own choosing.'" *Milton*, 767 F.2d at 1446. The court in *Milton* further stated:

> Other circuits, consistent with our decision here and in *Wilson*, have held that a defendant who chooses to represent himself does not have a due process right of access to a court maintained library, so long as he is afforded some alternative means of assistance in the preparation of his defense.

767 F.2d at 1447.

In his concurring opinion in *Milton*, Judge Hug stated that a defendant has the sixth amendment right under *Faretta* to refuse court appointed counsel and conduct his own defense. "In doing so, he may be offered the assistance of counsel in a variety of ways–for pretrial preparation and during trial. This assistance of counsel to a confined defendant would provide adequate access to the resources necessary for him to conduct his defense." *Id.,* at 1447. *See also Taylor v. List*, 880 F.2d 1040, 1047 (9th Cir. 1989).

In this case, the Court has authorized Defendant's standby counsel to assist Defendant Saterstad in providing him with legal materials to the extent they are unavailable in the Detention Center's law library, to assist Defendant in educating himself regarding the Federal Rules of Criminal Procedure, the Federal Rules of Evidence and in obtaining other legal materials or research that will assist him in preparing for trial. Defendant should confer with his standby counsel regarding the legal materials and legal research he needs in preparing pretrial motions and for trial. To the extent that Defendant needs to apply to this Court for the purchase of particular legal materials reasonably necessary to the preparation of his defense and which his standby counsel is unable to provide, he may do so.

. . .

Even with the assistance of standby counsel to provide legal research materials or other assistance, Defendant must still have adequate opportunity to review relevant legal materials and legal research, as well as discovery produced by the Government, and to draft appropriate pretrial motions and related documents, and otherwise prepare for trial. To the extent that Defendant is unable to keep legal and discovery materials in his cell or housing unit, he must be provided with adequate time in the law library to prepare for trial. The Court does not have adequate information at this point to determine the amount of law library time that Defendant reasonably needs on a daily or weekly basis, although two hours per day may not be reasonably sufficient, especially if Defendant is not allowed to have legal materials and discovery in his cell or housing unit. Defendant should confer with his standby counsel and further advise this Court as to the amount of law library time he needs on a daily or weekly basis to prepare his defense.

Defendant may also apply to the Court for assistance such as funds for the services of an investigator, appropriate experts, and for other resources needed to prepare his defense. Defendant should consult with his standby counsel regarding the method for making such requests through the Clerk's office.

### 2. The processing of Defendant's legal mail.

In *Ex parte Hull*, 312 U.S. 546, 549-50, 61 S.Ct. 640, 641-24 (1941), the Supreme Court declared invalid a prison regulation which provided that all legal documents, briefs, petitions, motions, habeas corpus proceedings and appeals would first be submitted to the prison's institutional welfare office and, if favorably acted upon, would then be referred to the legal investigator for the state parole board. The Court stated that the state and its officers may not abridge or impair a petitioner's right to apply to federal court for a writ of habeas corpus and the determination of whether a petition is properly drawn is for the court alone to determine.

Defendant asserts that the Detention Center is violating his constitutional rights by opening and reading his legal mail and allegedly deciding what is necessary to prepare for trial. Because this allegation has not been addressed by the Government, it is not clear what the Detention Center's position is with respect to Defendant's allegations. It is the Court's understanding from other cases that the detention facility opens legal mail in the presence of the detainee to ascertain whether it

contains contraband, but does not read legal mail. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 2984-85 (1974) (holding that inmate's First Amendment and Fourteenth Amendment rights were not violated where inmate's mail from attorney is opened in his presence, but not read, to ensure that it does not contain contraband.) The Court is also aware from information provided in another case, there has been some delay in the detention facility's processing of incoming and outgoing legal mail. The Court will therefore direct that the detention facility, through the United States Marshal, advise the Court of its policy or practice regarding the processing and inspection of legal mail.

Finally, the Defendant asserts that he is not receiving adequate medical care for his back pain. Again, the Court will direct the detention facility, through the United States Marshal, to advise the Court of the status of Defendant's medical condition and treatment. Accordingly,

**IT IS HEREBY ORDERED** that a hearing on Defendant's Motion for Reasonable Time to Prepare a Defense, Allow Access to Adequate Legal Materials, Allow a Defense Budget, and Adequate Medical Care (#41) is set for a hearing on **Thursday, December 10, 2015 at 1:30 p.m., in Courtroom 3D** to discuss the following issues:

1. Defendant's access to the detention facility law library and legal materials to prepare his defense;

2. The processing and inspection of Defendant's legal mail;

3. The status of Defendant's medical condition and medical treatment.

4. The deadline for filing pretrial motions.

**IT IS FURTHER ORDERED** that the Deputy United States Marshal shall confer with the detention facility and advise the Court on items 1, 2 and 3 at the hearing. A representative of the detention facility should appear to address these issues if the Deputy Marshal is not able to fully address them.

Defendant's standby counsel is also requested to attend the hearing to discuss the assistance he has provided and/or can provide to Defendant to ensure that he has adequate ability to prepare his defense.

. . .

**IT IS FURTHER ORDERED** that the clerk of court shall send a copy of this order to Deputy United States Marshal Carpenter and to Defendant's standby counsel Russell Marsh.

DATED this 4th day of December 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge