# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:15-cr-00125-APG-GWF |
| vs. ) | **ORDER** |
| RICHARD LEE SATERSTAD, ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion for Court Order Allowing a Reasonable Time to Prepare a Defense (ECF No. 86), Motion for an Investigator and Law Clerk (ECF No. 88), and Motion for Court Order for Adequate Medical Care (ECF No. 89), filed on May 25, 2016. The Government filed an Omnibus Response (ECF No. 90) on June 6, 2016, and Defendant filed a Reply (ECF No. 91) on June 15, 2016. The Court will consider each motion in turn.

**I.      Motion for Reasonable Time to Prepare a Defense**

In essence, Defendant's Motion seeks a continuance of the trial dates due to delays caused by the staff at the detention center. Specifically, Defendant asserts that due to an influx in I.C.E. detainees, he had been moved to a different unit within the detention center. As a result of that move, Defendant was allegedly deprived of his research and motions for eight (8) weeks because it was maintained on the computer located in his prior unit and never transferred to the new computer. This, Defendant asserts, was the fault of the Detention Center's employees. In response, the Government asserts that it has no problem allowing Defendant additional time to prepare a defense. Therefore, the Court finds that Defendant should discuss a continuance with the Government to see if both parties can reach an agreement as to the length of a continuance. If so, the parties should submit a stipulation detailing that agreement. If the parties are unable to come to an agreement, Defendant may then file a motion to continue with the Court.

## II. Motion for an Investigator and Law Clerk

Defendant requests that the Court appoint an investigator to aid him in facilitating interviews and tracking down information that might be difficult for Defendant to obtain. The Government objects to this request on the basis that Defendant's stand-by counsel would be able to provide the help Defendant needs and Defendant failed to provide evidence to the contrary. In reply, Defendant asserts that the investigator would be necessary to obtain documents and information not found online and not in the purview of stand-by counsel's duties. Upon review, the Court finds that Defendant's request for an investigator would be more appropriately handled by requesting a e-voucher for such services under the Criminal Justice Act ("CJA"). Defendant must ask his stand-by counsel, Mr. Marsh, to submit an authorization to the CJA panel on Defendant's behalf requesting the appointment of an investigator. Once that request is approved, Defendant may hire an investigator and thereafter, Mr. Marsh will submit the investigator's invoices for payment using a CJA e-voucher. This is because all requests for CJA funds are processed through CJA e-vouchers, to which only licensed attorneys have access.

In addition to an investigator, Defendant requests that a law clerk be assigned to assist Defendant in obtaining files or documents not available on Lexis Nexis. Defendant acknowledged that stand-by counsel is allowed to assist in these matters, but noted that he is a busy man and might not have the time to help Defendant track down this information. Again, the Government objects on the grounds that stand-by counsel would be able to provide the help Defendant needs and Defendant has failed to provide evidence of the contrary. The Court finds that appointment of a law clerk in this matter is not warranted. Defendant voluntarily and knowingly elected to proceed in this matter pro se and, as a result, he is required to conduct his own legal research. With that being said, when the detention center lacks adequate facilities, stand-by counsel is allowed to make copies of cases or other documents Defendant may need to prepare an adequate defense. Stand-by counsel is not required, however, to perform legal research for Defendant.

## III. Motion for Adequate Medical Care

For the second time, Defendant requests an order from the Court directing the detention center to provide Defendant with adequate medical care for an injury that occurred when Defendant

was a child. Defendant acknowledged that he is receiving medication, but that medication produces unwanted side effects such as depression, suicidal thoughts, and thoughts of harming others. The Government objects to this request and asserts that Defendant's request should be brought before the Court via a civil rights complaint challenging Defendant's conditions of confinement under 42 U.S.C. § 1983. The Court agrees. Defendant argues that he is not getting the medical care he wants, not that the detention center is completely failing to address his medical concerns. Therefore, the appropriate avenue for Defendant's request is through a civil complaint. In addition, the Court recognizes that Defendant might lack the monetary resources to bring such a complaint, and advises Defendant to file a motion to proceed *in forma pauperis* concurrently with his complaint so that the initial filing fees may be waived. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Court Order Allowing a Reasonable Time to Prepare a Defense (ECF No. 86), Motion for an Investigator and Law Clerk (ECF No. 88), and Motion for Court Order for Adequate Medical Care (ECF No. 89) are **denied**.

DATED this 24th day of June, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge