UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:15-cr-00125-APG-GWF |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| RICHARD LEE SATERSTAD, | |
| Defendant. | |

This matter is before the Court on the Defendant's Motion to Order Regarding Legal Resources (ECF No. 177), filed November 28, 2018. On December 14, 2018, the Court entered a Minute Entry Oder instructing the Nevada Southern Detention Center ("NSDC") to file a response. ECF No. 178. On January 15, 2019, CoreCivic, an entity which owns and operates NSDC, filed a Motion to Extend Time to file its response. ECF No. 185. The Court granted CoreCivic's request. *See Order*, (ECF No. 186). On January 30, 2018, CoreCivic filed its Response to Defendant's Motion Regarding Legal Resources. ECF No. 191.

**BACKGROUND**

Defendant is charged with receipt or distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). Defendant is detained at NSDC pursuant to a detention order filed May 5, 2015. *See Order*, (ECF No. 8). Defendant voluntarily and knowingly elected to proceed in this matter *pro se*. ECF No. 18. Trial is currently set for February 25, 2019. ECF No. 190.

Defendant requests several policies be implemented or amended at NSDC, including: (1) that he be permitted to retain more than five books at a time; (2) a policy permitting detainees to possess personal calendars; (3) the implementation of a policy prohibiting the erasure of legal files on the facility computers; (4) proof that his personal belongings were released to his former

1 attorney. ECF No. 177. CoreCivic objects to these requests and asserts that not only are Defendant's demands without merit but his Motion is improperly before this Court and should be brought via a civil rights complaint. ECF No. 191.

**DISCUSSION**

Claims exclusively related to conditions of confinement cannot be brought in a federal criminal case and are outside the jurisdiction of the Court. *United States v. Wade*, No. 307-CR-00111-RRB-JDR, 2009 WL 3837151, at *1 (D. Alaska Nov. 13, 2009). In addition, Prison Litigation Reform Act ("PLRA") mandates that inmates exhaust their administrative remedies before bringing a civil action challenging prison conditions. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed. 2d 958 (2001); *Ngo v. Woodford*, 548 U.S. 81, 126 S. Ct. 2378, 165 L.Ed. 2d 368 (2006); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The primary exception to this rule applies when conditions of confinement interferes with a pretrial detainee's access to counsel in a criminal case. *Wade* at *1.

On June 24, 2016, Defendant was advised that challenges relating to conditions of confinement should be brought in a civil rights complaint under 42 U.S.C. § 1983. *See Order*, (ECF No. 94). Defendant's requests for additional books, a personal calendar, that he be provided notice of erasure polices and proof that his clothing was retrieved by former counsel all relate to conditions of confinement. Moreover, Defendant's motion does not allege interference or inability to access resources in order to properly prepare for his defense nor does he allege that he has exhausted all administrative remedies. Instead Defendant argues that he should be allowed his requests as a matter of convenience. Thus, Defendant cannot seek civil relief in his criminal proceeding. Defendant is further advised that he cannot bring a civil rights action on the conditions of his present confinement in NSDC unless or until he has completed administrative remedies provided by the NSDC for the processing of grievances prior to filing suit. Accordingly,

. . .

. . .

. . .

. . .

**IT IS HEREBY ORDERED** that Defendant's Motion to Order Regarding Legal Resources (ECF No. 177) is **denied**.

Dated this 6th day of February, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE