UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

United States of America,

    Plaintiff,

vs.

Richard Saterstad,

    Defendant.

Case No. 2:15-cr-125-APG-GWF

**Findings of Fact and Conclusions of Law Pursuant to Federal Rule of Criminal Procedure 23**

## Findings of Fact

1. I find the testimony of Gregory Sawyer, Shannon Tooley, Matthew Trafford, Mari Panovich, and Peter Hanners to be credible.

2. Richard Saterstad did not testify.

3. On or about November 27, 2013, Las Vegas Metropolitan Detective (and Internet Crimes Against Children Task Force Officer) Shannon Tooley's computer identified IP address 68.229.36.233 as having numerous files of child pornography available to share. This was detected using law enforcement privileged peer-to-peer software, Ares RoundUp. Detective Tooley's computer downloaded the following file of child sexual exploitation:

    a. File Name: young vicky 14 years old enjoys orgasm.mpeg
        SHA-1: EHXVMEOIJZHK266F4D52MRR5P2K4OFVO
        Description: This video is approximately 5 seconds in length and depicts a nude female child, approximately 12 to 14 years old, masturbating.

4. On December 14, 2013, Detective Tooley's computer again connected directly to a computer at IP address 68.229.36.233 and downloaded the following two files of child sexual exploitation:

    a. File Name: kitty full spermed(2) andina jaxy felisha (nice)27.avi

       SHA-1: TTF2FTX5VES5OL3QHRO3UPZRXVFDJBCU

       Description: This video is 61 seconds in length and begins with a prepubescent female child nude from the waist down. The child appears to be sleeping. An adult male is seen masturbating his penis next to the child's vagina. The adult ejaculates on the child's vagina and then wipes the ejaculate off of the child.

    b. File Name: pthc - emma (blowjob adair part 2) (resized) (2011).mpg

       SHA-1: 3FTNTQZ3KLWOUNPSMSW2EV545ZBT63PX

       Description: This video is 34 seconds in length and depicts a prepubescent female child performing fellatio on an adult male. The child is wearing a white blindfold with the words, "suck cock cum slut" written in red on the blindfold.

5. On December 15, 2013, Detective Tooley's computer again connected directly to a computer at IP address 68.229.36.233 and downloaded three more files of child sexual exploitation. The following is a description of one of those files:

    a. File Name: pthc awesome very young little nude pussy!! sex girl hardc(2).jpg

       SHA-1:6IJDINFW6E7YIQZF6LHIHIE4Y4WNY62U

       Description: This image depicts a female child under the age of 16. The child is nude from the waist down and is in the seated position. The child's legs are spread open exposing her vagina.

6. Las Vegas Metropolitan Police Department officers sent an administrative subpoena to Cox Communications asking for subscriber information on the dates of Detective Tooley's downloads.
7. Cox Communications responded that the residence associated with IP address 68.229.36.233 was to 6333 Orange Hue Street, North Las Vegas, Nevada 89031, and the account holder was Peter Hanners.
8. On March 6, 2014, a valid, legal search warrant was served at 6333 Orange Hue Street, North Las Vegas, Nevada 89031. The only two people in the house at that address at the time the search warrant was executed was a woman named Rose Deasis and her son, defendant Richard Saterstad.
9. Rose lived at the Orange Hue Street residence with her son Richard Saterstad, her daughter Tammy Hanners, Tammy's husband Peter Hanners, and their three children.
10. The wireless internet in the home was unsecured.
11. Rose, Tammy, and Peter used only their electronic devices. Richard Saterstad used the computers in his room, and no one else living at the residence used his devices.
12. Forensic Examiner Matt Trafford confirmed via forensic previews that only computers, devices, and items found in Richard Saterstad's room had any evidence of child sexual exploitation material or child pornography.
13. Peter did not download child pornography. Peter was not aware of anyone downloading child pornography in the residence.
14. Rose, Tammy, Peter, and their children were correctly ruled out as suspects.
15. Richard Saterstad packed his belongings and moved out of the house the same day.
16. At a later time and in a forensically appropriate manner, Forensic Examiner Trafford conducted complete forensics on the devices seized the day of the search warrant.

17. Of the items seized, 14 contained evidence of child pornography crimes. These devices are:

    a. Toshiba Satellite laptop computer, Model No. L305D-S5974, SN Y9311882Q (Item 1);

    b. Western Digital 1TB My Passport external hard drive, SN WXN1E32LZWDM (Item 2);

    c. Western Digital 1 TB external hard drive, Model No. WDBACX0010BBK-00, SN WXL1A71F4473 (Item 11);

    d. Toshiba 250 GB SATA laptop hard drive, Model No. MK255GSX, SN Y9IEFPNTS (Item 17);

    e. Dell Inspiron Mini 1.0 Notebook computer, SN J7C72M1 (Item 18);

    f. 8 CD's & DVD's (Collectively Item 19); and

    g. Toshiba Satellite laptop computer, Model No. L45-S7409, SN X7071397R (Item 22).

18. On each of the above-listed devices, Forensic Examiner Trafford found evidence that the child pornography images and videos had been actually and knowingly accessed by the user.

19. Forensic Examiner Trafford found evidence that Item 2 was plugged into Items 1 and 18 at different points in time. Forensic Examiner Trafford testified that Item 2 was plugged into Item 1 at the time the search warrant was executed. Forensic Examiner Trafford also found that these three devices had similar naming conventions for their sole user-created accounts.

20. Forensic Examiner Trafford determined that Items 1, 17, and 22 were password protected with the same password.

21. Forensic Examiner Trafford found evidence that at least one device (Item 17) was a "ghosted", i.e. backup, copy of another device (Item 1).

22. Forensic Examiner Trafford found evidence that Items 1 and 17 used IP address 68.229.36.233.

23. Forensic Examiner Trafford's examination of the digital devices seized from Richard Saterstad's room revealed evidence of child sexual exploitation, including the Ares file share program, over 100,000 images of child erotica (several of these images depicted children, clothed or partially clothed, in a sexual manner) as well as approximately 5,700 images and 1,000 videos of child pornography.

24. Evidence was located on the computers, devices, and items taken from Richard Saterstad's bedroom that indicated he owned them, including his resume, a letter, and family photos.

25. Forensic Examiner Trafford determined that Richard Saterstad was the only user of each of the computers, devices, and items that contained evidence of child pornography.

26. Forensic Examiner Trafford also found evidence of programs called Hide My IP, used to conceal illegal activities from law enforcement, as well as Evidence Eliminator, a computer wiping program. Based on this, Forensic Examiner Trafford determined that Richard Saterstad was knowledgeable about computers and sought ways to conceal his activities.

27. Forensic Examiner Trafford also found other indicia that Richard Saterstad had more than general knowledge about file sharing programs, like his use of file sharing programs on multiple devices at different times.

28. Richard Saterstad used search terms clearly indicative of an interest in child pornography to search for and download child pornography, including "child sex,"

"PTHC," "ORGASM 4YR PTHC," "R@ygold," "Lolifuck," and "Kingpass," which are search terms uniquely associated with child pornography.

29. Forensic Examiner Trafford also found in Item 2 three of the videos Detective Tooley downloaded from that IP address. In addition, Forensic Examiner Trafford found 26 child pornography files that Richard Saterstad had made available for sharing at the time of Detective Tooley's downloads in Item 2.

### Conclusions of Law

1. I find the defendant Richard Saterstad **GUILTY** of Receipt and Distribution of Child Pornography as charged in the criminal indictment filed on April 28, 2015.

2. The United States has proven beyond a reasonable doubt that:

    a. Richard Saterstad knowingly received visual depictions of actual minors engaged in sexually explicit conduct, in interstate commerce by any means, including by computer;

    b. Richard Saterstad knowingly distributed visual depictions of actual minors engaged in sexually explicit conduct, in interstate commerce by any means, including by computer;

    c. Richard Saterstad knowingly received child pornography as defined in 18 U.S.C. § 2256(8), and material that contained such child pornography;

    d. Richard Saterstad knowingly distributed child pornography as defined in 18 U.S.C. § 2256(8), and material that contained such child pornography;

    e. The items of child pornography Richard Saterstad received and distributed had been transported in interstate commerce, by any means, including by computer;

    f. Richard Saterstad knew the images, videos, and material constituted and contained child pornography as defined in 18 U.SC. § 2256(8).

# FORFEITURE

1. The government provided the proper and correct notice of forfeiture to Richard Saterstad in the indictment (ECF No. 1) and in the Amended Bill of Particulars (ECF No. 85) regarding the following property:

   a. Toshiba Satellite laptop computer, Model No. L305D-S5974, SN Y9311882Q (Item 1);

   b. Western Digital 1TB My Passport external hard drive, SN WXN1E32LZWDM (Item 2);

   c. Western Digital 1 TB external hard drive, Model No. WDBACX0010BBK-00, SN WXL1A71F4473 (Item 11);

   d. Toshiba 250 GB SATA laptop hard drive, Model No. MK255GSX, SN Y9IEFPNTS (Item 17);

   e. Dell Inspiron Mini 1.0 Notebook computer, SN J7C72M1 (Item 18);

   f. 8 CD's & DVD's (Collectively Item 19); and

   g. Toshiba Satellite laptop computer, Model No. L45-S7409, SN X7071397R (Item 22).

Fed. R. Crim. P. 32.2(a); *United States v. Lo*, 839 F.3d 777, 791 (9th Cir. 2016), *cert. denied*, 136 S. Ct. 354 (2017).

2. "As soon as practical after a verdict or finding of guilty . . . is accepted, on any count in an indictment . . . regarding which criminal forfeiture is sought," the court "must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A); *United States v. Newman*, 659 F.3d 1235, 1242 (9th Cir. 2011), *cert. denied*, 566 U.S. 915 (2012),

*abrogated on other grounds by Honeycutt v. United States*, 137 S. Ct. 1626, 1632 and 1635 (2017).

3. Preponderance of the evidence is the forfeiture standard. Preponderance of the evidence means that the government's evidence, when considered and compared with that opposed to it makes it more likely than not that the property is forfeitable. *United States v. Mancuso*, 718 F.3d 780, 799 (9th Cir. 2013); *United States v. Phillips*, 704 F.3d 754, 770 n.14 (9th Cir. 2012); *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1577 (9th Cir.1989), *cert. denied*, 497 U.S. 1003 (1990).

4. Requisite nexus is a connection between the property and the offense to which the defendant was convicted. Fed. R. Crim. P. 32.2(b)(1)(A); *Mancuso*, 718 F.3d 780 at 799.

5. The court's "determination may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B) (ellipsis added). Because forfeiture is part of sentencing, relevant and reliable hearsay can be considered in determining the requisite nexus by preponderance of the evidence. Fed. R. Crim. P. 32.2(b)(1)(B); *Libretti v. United States*, 516 U.S. 29, 41 (1995); U.S.S.G. 6A1.3(a); *United States v. Huckins*, 53 F.3d 276, 279 (9th Cir. 1995); *United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir.), *amended*, 992 F.2d 1015 (9th Cir. 1993).

6. The government contends the above-listed property is forfeitable by Saterstad under 18 U.S.C. § 2253(a)(1) and 2253(a)(3).

7. The forfeiture statute states:

A person who is convicted of an offense under this chapter involving a visual depiction described in [18 U.S.C. § 2252(A)] shall forfeit to the United States such person's interest in—
(1) any visual depiction described in[18 U.S.C. § 2252(A)], or any book, magazine, periodical, film, videotape, or other matter which contains any such

> visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;
> … and
> (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.
>
> (b) Section 413 of the Controlled Substances Act (21 U.S.C. 853) with the exception of subsections (a) and (d), applies to the criminal forfeiture of property pursuant to subsection (a).

8. Property is forfeitable if it was "used" or "intended to be used" to commit, or to facilitate the commission of, a criminal offense. The ordinary meaning of "use" is to convert to one's service, to employ, to avail oneself of, and to carry out a purpose or action by means of. The context in which "used" appears in § 2253(a)(3) suggests no different meaning. *United States v. Hull*, 606 F.3d 524, 527-28 (8th Cir. 2010); *United States v. Littlefield*, 821 F.2d 1365, 1367 (9th Cir. 1987) (ellipsis added) ("By specifying that property is subject to forfeiture if it was used . . . to commit or facilitate a [crime], Congress plainly provided for forfeiture of the property even where only a portion of it was used for the prohibited purposes.").

9. Property is forfeitable as "facilitating" property if it makes the underlying criminal activity easier to commit or harder to detect. To be forfeitable, the property need not be used exclusively for illegal activity; property that is used the vast majority of the time for legitimate purposes may nevertheless be forfeited if it facilitates a criminal offense. If a portion of the property is used to facilitate the offense, then all of the property is subject to forfeiture. Facilitation of even a single felony offense is sufficient to justify forfeiture. *United States v. Schifferli*, 895 F.2d 987, 990 (4th Cir. 1990).

10. When a defendant is convicted of violating certain criminal statutes, he is required to forfeit to the United States all visual depictions, and all matters which contain any depiction, which violate 18 U.S.C. § 2252A under 18 U.S.C. § 2253(a)(1) and any property traceable to,

Page **9** of **12**

used, or intended to be used to commit or to promote the commission of the violations under 18 U.S.C. § 2253(a)(3).

11. Forfeit means for someone to be divested or deprived of the ownership of something as a part of the punishment allowed by the law for the commission of certain criminal offenses, or in other words "divestiture of property without compensation" pursuant to the law. *United States v. Davis*, 706 F.3d 1081, 1085 (9th Cir. 2013) (concurring opinion) (citation omitted).

12. The purpose of forfeiture in this case is to ensure that all visual depictions of child pornography and the property used to commit, to promote, or to facilitate the commission of the crime are destroyed. 18 U.S.C. § 2253(a)(1) and 2253(a)(3).

13. In order for the government to establish the requisite nexus by a preponderance of the evidence that the property is forfeitable under 18 U.S.C. § 2253(a)(1) under Forfeiture Allegation One, it must prove that it is more likely than not that the property is a visual depiction described in 18 U.S.C. § 2252A, or a book, magazine, periodical, film, videotape, or other matter which contains such visual depiction, which was produced, transported, mailed, shipped, or received in violation of the crime of Receipt or Distribution of Child Pornography. 18 U.S.C. § 2253(a)(1).

14. In order for the government to establish the requisite nexus by a preponderance of the evidence that the property is forfeitable under 18 U.S.C. § 2253(a)(3) under Forfeiture Allegation One, it must prove that it is more likely than not that the property was used or intended to be used to commit or to promote the commission of the crime of Receipt or Distribution of Child Pornography, or a property traceable to such property. 18 U.S.C. § 2253(a)(3).

15. Richard Lee Saterstad was found guilty of Count One of an Indictment charging him with receipt or distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). Criminal Indictment, ECF No. 1; Verdict, ECF No. 219.

16. The government established by preponderance of the evidence the requisite nexus between the above-listed property and the offense for which Saterstad was convicted. The property is thus forfeitable under both 18 U.S.C. § 2253(a)(1) and 2253(a)(3). Fed. R. Crim. P. 32.2(b)(1)(A).

17. Pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the government has shown the requisite nexus between property set forth in the Amended Bill of Particulars and the forfeiture allegations of the Indictment and the offense for which Richard Lee Saterstad was found guilty. ECF Nos. 1, 85, 219.

18. The following property is (1) a visual depiction described in 18 U.S.C. § 2252A, or a book, magazine, periodical, film, videotape, or other matter which contains such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. § 2252A(a)(2) and (2) property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. § 2252A(a)(2) or property traceable to such property, and is subject to forfeiture under 18 U.S.C. § 2253(a)(1) and 2253(a)(3):

    a. Toshiba Satellite laptop computer, Model No. L305D-S5974, SN Y9311882Q (Item 1);

    b. Western Digital 1TB My Passport external hard drive, SN WXN1E32LZWDM (Item 2);

    c. Western Digital 1 TB external hard drive, Model No. WDBACX0010BBK-00, SN WXL1A71F4473 (Item 11);

    d. Toshiba 250 GB SATA laptop hard drive, Model No. MK255GSX, SN Y9IEFPNTS (Item 17);

    e. Dell Inspiron Mini 1.0 Notebook computer, SN J7C72M1 (Item 18);

    f. 8 CD's & DVD's (Collectively Item 19); and

g. Toshiba Satellite laptop computer, Model No. L45-S7409, SN X7071397R

(Item 22).

19. The United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order under Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

20. The United States of America is now entitled to, and should, reduce that property to the possession of the United States of America.

21. To the extent any Finding of Fact should be properly designated a Conclusion of Law, it shall be deemed a Conclusion of Law. To the extent any Conclusion of Law should be properly designated a Finding of Fact, it shall be deemed a Finding of Fact.

DATED this 22nd day of March, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE